UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONICA BOUCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:04-cv-1541-DFH-VSS |
| | ) |
| JOHN E. POTTER, Postmaster General of | ) |
| the United States, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON MOTION TO DISMISS

Monica Boucher has sued the Postmaster General of the United States for
civil rights violations under Title VII of the 1964 Civil Rights Act.  The defendant
has moved to dismiss the complaint for insufficient process, insufficient service
of process, and lack of personal jurisdiction under Rule 12(b)(2), (4), and (5) of the
Federal Rules of Civil Procedure because Boucher failed to serve the Attorney
General of the United States within the 120 days allowed by Federal Rule of Civil
Procedure 4(m).[1]  Because Boucher properly served the United States Attorney's
Office within the 120-day time period, and because she cured the failure to serve
the Attorney General within a "reasonable time" under Rule 4(i)(3) of the Federal
Rules of Civil Procedure, the motion to dismiss is denied.

---

[1]When Boucher first filed suit, William Henderson was the Postmaster
General.  In 2001, he was succeeded by John E. Potter, who has been substituted
as a defendant pursuant to Fed. R. Civ. P. 25(d)(1).

*The Facts*

Boucher filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that her supervisor, a local postmaster, continued to engage in retaliatory sexual harassment after settling an earlier harassment claim by Boucher.  An EEOC administrative law judge dismissed her complaint on May 26, 2004.  The EEOC issued its final decision upholding the dismissal on June 21, 2004.

On September 27, 2004, Boucher filed suit against the Postmaster General in his official capacity alleging violations of her rights under Title VII of the 1964 Civil Rights Act.  On the same day, her attorney issued a summons to the defendant by certified mail and notified the United States Attorney for the Southern District of Indiana that he had done so.  At that time, the attorney did not issue a summons to either the U.S. Attorney or the Attorney General of the United States.

On October 27, 2004, an Assistant U.S. Attorney ("AUSA") for this district notified Boucher's attorney by letter that service of process was incomplete.  The next day, a paralegal from Boucher's attorney's office telephoned the AUSA about the letter, asking about a cryptic reference in the letter to Federal Rule of Civil Procedure 4(i)(a)(B), which does not actually exist.  (The reference presumably was to Rule 4(i)(1)(B), which where applicable requires a plaintiff to send a copy of the

summons and the complaint by registered or certified mail to the Attorney General of the United States.)  The AUSA reiterated that service was incomplete, stated that she could not give legal advice, and urged the paralegal to "read the rule."

Boucher then served the U.S. Attorney's Office by certified mail on November 12, 2004 and re-served the Postmaster General on November 19, 2004. She once again failed to serve the Attorney General.  On January 11, 2005, the AUSA left a message for Boucher's attorneys asking them to contact her with any objections to an extension of time to respond to the complaint.  There was no response.

The defendant moved to dismiss on February 10, 2005 for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Rule 12(b)(2), (4), and (5), as well as Rule 4(m).  All grounds were based on the failure to serve the Attorney General.  Boucher finally served the Attorney General by certified mail that was received on March 7, 2005.

*Discussion*

As an employee of the United States Postal Service, Boucher asserts violations of her civil rights under 42 U.S.C. § 2000e-16(a) to be free from sex discrimination and retaliation in her employment. Pursuant to 42 U.S.C. § 2000e-16(c), the proper defendant is "the head of the department, agency, or unit," in

this case, the Postmaster General of the United States in his official capacity.

Service of process is therefore governed by Rule 4(i)(2)(A), which required the

plaintiff to serve the summons and complaint on (1) the defendant official; (2) the

United States Attorney for the district in which the action is brought, Fed. R. Civ.

P. 4(i)(1)(A); and (3) the Attorney General of the United States, Fed. R. Civ. P.

4(i)(1)(B).   Rule 4(i)(3) provides further:

> (3) The court shall allow a reasonable time to serve process under
> Rule 4(i) for the purpose of curing the failure to serve:
>
> (A) all persons required to be served in an action governed by Rule
> 4(i)(2)(A), if the plaintiff has served either the United States attorney
> or the Attorney General of the United States, or
>
> (B) the United States in an action governed by Rule 4(i)(2)(B), if the
> plaintiff has served an officer or employee of the United States sued
> in an individual capacity.

The advisory committee's note to Rule 4(i)(3) states that the rule "saves the

plaintiff from the hazard of losing a substantive right because of failure to comply

with the complex requirements of multiple service under [Rule 4(i) ]." Fed. R. Civ.

P. 4(i) advisory committee note (1993).

This case falls squarely within the terms of Rule 4(i)(3)(A) and within the

purpose identified by the advisory committee note.  Service is governed by Rule

4(i)(2)(A) because the proper defendant is the Postmaster General in his official

capacity, and plaintiff timely served the United States Attorney.  Accordingly, Rule

4(i)(3) requires that the court "shall allow a reasonable time" to serve process to

cure the failure to serve all three of the required recipients.  In this case, plaintiff

sent the summons to the Attorney General of the United States by certified mail

no later than February 25, 2005, and the Attorney General received the summons

on March 7, 2005.   That is certainly a reasonable time after the defendant

explained the plaintiff's oversight in the service of process in his motion papers

filed on February 10, 2005.  Allowing the extra time saves this plaintiff from the

hazard of losing a substantive right because of the failure to comply with the

requirements of multiple service under Rule 4(i)(2).[2]

Even if the court were not required to allow plaintiff a reasonable time under

Rule 4(i)(3)(A), the court would still exercise its discretion to allow plaintiff a

reasonable time to cure the defective service.  Rule 4(m) provides that if service is

not made upon a defendant within 120 days after the filing of the complaint, the

court "shall dismiss the action without prejudice as to that defendant or direct

that service be effected within a specified time."   Rule 4(m) also states: "if the

plaintiff shows good cause for the failure, the court shall extend the time for

service for an appropriate period."   The 120-day period for service of process

ended on January 28, 2005, about two weeks before defendant filed the motion

---

[2]Plaintiff's prompt and correct response to the defendant's motion to dismiss distinguishes this case from *Tuke v. United States*, 76 F.3d 155, 158 (7th Cir. 1996), where the court noted in *dicta* that the plaintiff did not cure in a reasonable time where the first attempt at cure was a useless service on the United States Attorney for the District of Columbia, and where the correction of that error took yet another month.

to dismiss, which was timely because of the extension of time to which plaintiff had not objected.

The Seventh Circuit subjects claims of insufficient service of process under Rule 4(m) to the two-pronged analysis in *Petrucelli v. Bohringer & Ratzinger, GmbH*, 46 F.3d 1298, 1305-06 (3d Cir. 1995).  See *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).  Under the first prong, "where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." *Panaras*, 94 F.3d at 340.  Under the second prong, even if there is no good cause for the deficient service of process, "the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.*[3]  In deciding whether to grant an extension rather than dismiss the complaint, the court may consider the  factors identified in the advisory committee notes to the 1993 amendments to Rule 4(m):  "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." See also *Panaras*, 94 F.3d at 341 (quoting the note).  The list of factors is not exhaustive.  *Id.*

---

[3]The defendant incorrectly relies on *dicta* in *Tuke v. United States*, 76 F.3d 155 (7th Cir. 1996) to argue that good cause is required for *any* time extension under Rule 4(m).  In light of the 1993 amendment to Rule 4(m), *Panaras* explicitly rejected such a rule six months after *Tuke,* holding instead that even absent good cause, a court must determine whether to use its discretionary power to extend the time limit for service of process.  *Panaras,* 76 F.3d at 340-41.

Service on the Attorney General was required by January 18, 2005. Boucher did not serve the Attorney General until the certified letter that was sent on approximately February 25, 2005 and received on March 7, 2005, which was outside the 120-day limit under the rule.

Boucher has not argued that she had "good cause" for the failure within the meaning of Rule 4(m). Nonetheless, under Rule 4(m) and *Panaras*, the court is not required to dismiss but must consider whether to direct that service be effected within a reasonable time. The U.S. Attorney's Office and the defendant were served properly within the 120-day period. Though the Attorney General was not served within that time period, he was served through certified mail shortly after Boucher realized the nature of her mistake. Thus, the defendant officer, the U.S. Attorney, and the Attorney General have now all been served. Cf. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (affirming the district court's judgment on the pleadings for the government when the United States Attorney had *never* been served).

The defendant was not prejudiced by Boucher's delay. Judge Hutton squarely addressed this issue in *Shore v. Henderson*, 168 F. Supp. 2d 428, 431-32 (E.D. Pa. 2001). In applying the two-pronged *Petrucelli* standard, the court found no good cause for insufficient service of process but held under the second prong that a reasonable time extension was warranted merely because the defendant had suffered no prejudice from the delay. The *Shore* court's reasoning is

persuasive and applies here.  The defendant had actual notice of the case within

the time allotted, and the plaintiff had timely served two of the three required

recipients of process.  Also, because all three have now been served, denial of the

defendant's motion to dismiss will not cause any further delay.  Because the

defendant was not prejudiced by Boucher's delay, it is proper for this court to

exercise its discretion to "correct oversights in compliance with the requirements

of multiple service in actions against the United States or its officers, agencies,

and corporations."  Fed. R. Civ. P. 4(m) advisory committee note (1993).

In contrast, dismissal of Boucher's complaint under Rule 4(m), even

"without prejudice," would stop Boucher's case altogether.  "[W]hen a suit is

dismissed without prejudice, the statute of limitations is deemed unaffected by the

filing of the suit, so that if the statute of limitations has run the dismissal is

effectively with prejudice."  *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir.

2000).  A Title VII plaintiff employed by the United States Postal Service must file

her initial complaint within 180 days of the alleged conduct, and she must file suit

in the district court within 90 days after receiving the EEOC "right-to-sue" letter.

42 U.S.C. § 2000e-16(c).  The Seventh Circuit has noted that this situation was

addressed by the 1993 amendments to Rule 4(m):  "Relief may be justified, for

example, if the applicable statute of limitations would bar the refiled action. . . ."

*Panaras*, 94 F.3d at 341 (quoting Rule 4(m) advisory committee note to 1993

amendments).  If this court were to dismiss Boucher's complaint today, the

statute of limitations would bar her from refiling her suit.  Thus, the balance of equities tips strongly in favor of denying the government's motion to dismiss.

### *Conclusion*

Though Boucher did not have good cause for her failure to comply on time with the triple-service requirements of Rule 4(i)(2), she timely served the United States Attorney and the defendant official.  She was entitled to a reasonable time to cure the defect, pursuant to Rule 4(i)(3), and she has already done so.  Even if she were not entitled to relief as a matter of right under Rule 4(i)(3), the court would exercise its discretion under Rule 4(m) to allow time to cure the defect, which again has already been cured.  Accordingly, defendant's motion to dismiss Boucher's complaint is hereby denied.

So ordered.

Date:  May 18, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-10-

Copies to:

Nicholas David Conway
MICHAEL K. SUTHERLIN & ASSOC.
nconway@michaelsutherlin.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@michaelsutherlin.com